IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GEORGE J. TAYLOR, III,** : | CIVIL ACTION NO. 1:11-CV-0642 |
| **Petitioner** : | (Judge Conner) |
| v. : | |
| **JOSEPH P. NISH,** : | |
| **SUPERINTENDENT**, : | |
| **Respondent** : | |

### MEMORANDUM

Petitioner George J. Taylor, III ("Taylor"), a state inmate presently incarcerated at the State Correctional Institution at Waymart ("SCI-Waymart"), Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on April 8, 2011, challenging the validity of a detainer lodged against him by the Pennsylvania Board of Probation and Parole. For the reasons set forth below, the petition will be dismissed for failure to exhaust state court remedies. Also pending is petitioner's motion for a preliminary injunction and/or evidentiary hearing and appointment of counsel, which will be denied as moot. (Doc. 18).

## I.   Background

On December 19, 1996, Taylor was sentenced in the Court of Common Pleas of Montgomery County, Pennsylvania, to five to fifteen years of incarceration after being convicted of the crime of Robbery. (Doc. 15-1, at 5.) His minimum was to expire on December 19, 2001, and his maximum date was calculated as December 19, 2011. (Id.)

On October 29, 2002, the Pennsylvania Board of Probation and Parole ("PBPP") granted him conditional parole to a Community Corrections Center. (Doc. 15-1, at 8.)  He was ordered released on parole on March 24, 2003. (Id. at 11-13.)  On June 11, 2004, he was declared delinquent by the PBPP, effective May 24, 2004, because he was discharged from his employment due to positive testing for Opiates and because he ceased reporting to his parole officer. (Id. at 14-15.)

On March 31, 2005, while on parole, Taylor was arrested by the Federal Bureau of Investigations and charged with Bank Fraud in the United States District Court for the Eastern District of Pennsylvania. (Doc. 15-1, at 15.)  On May 10, 2006, following pleas of guilty to Bank Fraud and Aggravated Identity Theft, Taylor was sentenced to sixty months of incarceration and was committed to the custody of the Federal Bureau of Prisons ("BOP") and housed at the United States Penitentiary at Canaan, Waymart, Pennsylvania ("USP-Canaan"). (Id. at 16.)

On April 1, 2005, the PBPP issued a warrant based on the above-stated parole violations, which resulted in Taylor being placed on parole violator pending ("PVP") status while in the custody of the BOP. (Doc. 1-1 at 50; Doc. 15-1, at 5.)  On June 7, 2007, a parole technician requested that the inmate records department at USP-Canaan lodge the PBPP warrant as a detainer against Taylor. (Doc. 1-1, at 53.)  Said detainer was lodged on June 18, 2007, and the PBPP was notified. (Id. at 54.)  On August 31, 2009, Taylor was released from BOP custody to the custody of the PBPP and was immediately taken to SCI-Waymart where he was held with a status of "Parole Violator Pending." (Doc. 15-1, at 7.)

Since that time, Taylor has challenged the existence of a detainer in state and federal forums. On or about October 9, 2009, he forwarded a petition for writ of mandamus to the Court of Common Pleas of Wayne County. On December 15, 2009, he inquired about the status of the petition and was advised by an unidentified employee of the Clerk of Court of Wayne County that "[i]n checking our records, we cannot find a case for you. Apparently we must of [sic] never received the paperwork that you are talking about." (Doc. 1-1, ¶ 16.) He also indicates that he sent the petition to the Wayne County Public Defender's Office and received no response. (Id.)

On January 26, 2010, he filed a petition for writ of habeas corpus in this court which was summarily dismissed without prejudice for failure to exhaust state court remedies. (Taylor v. Nish, M.D.Pa., Civil Action No. 1:10-CV-206, Doc. 4.)

In February 2010, Taylor filed a petition for writ of habeas corpus in the Court of Common Pleas of Wayne County. (Doc. 1, at 2.) The petition was dismissed for lack of jurisdiction or, alternatively, for failure to exhaust administrative remedies available under 37 Pa. Code 73.1, on May 13, 2010. (Doc. 1-1, at 63.)

On February 16, 2010, Taylor filed a petition for writ of mandamus in the Commonwealth Court of Pennsylvania. (See electronic docket for Commonwealth Court of Pennsylvania matter of Taylor v. Pennsylvania Board of Probation and Parole, 94 MD 2010 found at http://ujsportal.pacourts.us.) On July 29, 2011, a Rule to Show Cause why the action should not be dismissed for want of prosecution was

issued by the court.  Taylor responded to the Rule to Show Cause on August 18, 2011.  On August 23, 2011, the rule was discharged and Taylor was ordered to serve his petition on the respondents and the Attorney General as required by Pa. R. A. P. 1514(c) within fourteen days of the entry of the order and file with the court or suffer dismissal of the petition.  On September 14, 2011, the petition was dismissed for failing to comply with the Court's Order of August 23, 2011.  Taylor has taken no further action in the Commonwealth Court.

The instant petition was filed on April 8, 2011.  (Doc. 1.)

## II.     Discussion

A federal court, absent unusual circumstances, should not entertain a petition for writ of habeas corpus unless the petitioner has first satisfied the exhaustion requirements of 28 U.S.C. § 2254(b) and (c).  A petitioner shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.  28 U.S.C. § 2254(c).  This requirement is applicable to alleged unconstitutional acts of the parole board.  See DeFoy v. McCullough, 393 F.3d 439 (3d Cir. 2005).  Exhaustion of state court remedies serves the interests of comity between the federal and state systems by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights.  O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999).  "The exhaustion rule also serves the secondary purpose of facilitating the creation of a

complete factual record to aid the federal courts in their review." Walker v. Vaughn, 53 F.3d 609, 614 (3d Cir. 1995).

Respect for the state court system requires that the petitioner demonstrate that the claims in question have been "fairly presented to the state courts." Castille v. Peoples, 489 U.S. 346, 351 (1989). To "fairly present" a claim, a petitioner must present its "factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999) (citations omitted). While the petitioner need not cite "book and verse on the federal constitution," Picard v. Connor, 404 U.S. 270, 278 (1971) (citations omitted), he must "give the State 'the opportunity to pass upon and correct' alleged violations of its prisoners' federal rights" before presenting those claims here, Duncan v. Henry, 513 U.S. 364, 365 (1995) (quoting Picard, 404 U.S. at 275).

It is clear that Taylor has failed to exhaust his state court remedies with respect to the detainer. Although he sought state court review *via* a petition for writ of mandamus in the Commonwealth Court of Pennsylvania, the petition was dismissed for failure to comply with an order of court directing that Taylor serve the writ on respondents and certify to the court that service was complete and the merits of the petition were never addressed in state court. Consequently, the petition will be dismissed without prejudice for failure to exhaust state court remedies.

### III. **Certificate of Appealability**

Pursuant to 28 U.S.C. § 2253(c)(1)(A), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322 (2003).  Because reasonable jurists could not disagree with the resolution of this petition, there is no basis for the issuance of a COA.

### VI. **Conclusion**

In accordance with the foregoing, the petition for writ of habeas corpus will be dismissed and Taylor's motion for a preliminary injunction and/or evidentiary hearing and appointment of counsel (Doc. 18) will be denied as moot.

An appropriate order will issue.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:        January 27, 2012

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GEORGE J. TAYLOR, III,** | **CIVIL ACTION NO. 1:11-CV-0642** |
| **Petitioner** | **(Judge Conner)** |
| v. | |
| **JOSEPH P. NISH, SUPERINTENDENT,** | |
| **Respondent** | |

## **ORDER**

AND NOW, this 27th day of January, 2012, upon consideration of the petition for writ of habeas corpus (Doc. 1) and motion for a preliminary injunction and/or evidentiary hearing and appointment of counsel (Doc. 18), and for the reasons set forth in the Court's Memorandum of the same date, it is hereby ORDERED that:

1. The petition for writ of habeas corpus (Doc. 1) is DISMISSED without prejudice for failure to exhaust state court remedies.

2. Petitioner's motion for a preliminary injunction and/or evidentiary hearing and appointment of counsel (Doc. 18) is DENIED as moot.

3. The Clerk of Court is directed to CLOSE this case.

4. There is no basis for the issuance of a certificate of appealabilty.  See 28 U.S.C. § 2253(c)(1)(A).

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge