# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GEORGE J. TAYLOR, III,** | : | CIVIL ACTION NO. 1:11-CV-0642 |
| | : | |
| Petitioner | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **JOSEPH P. NISH,** | : | |
| **SUPERINTENDENT,** | : | |
| | : | |
| Respondent | : | |

## ORDER

AND NOW, this 18th day of September, 2012, upon consideration of petitioner's motion (Doc. 21) for reconsideration of this Court's January 27, 2012 Memorandum and Order (Doc. 19) dismissing his petition for writ of habeas corpus without prejudice, and it appearing that plaintiff fails to demonstrate one of three major grounds for reconsideration ((1) an intervening change in controlling law; (2) the availability of new evidence [not available previously]; [or], (3) the need to correct clear error [of law] or prevent manifest injustice.'")), North River Ins. Co. v. Cigna Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995) (collecting cases); see Waye v. First Citizen's Nat'l Bank, 846 F. Supp. 310, 314 (M.D. Pa.) ("A motion for reconsideration is not to be used to reargue matters already argued and disposed of."), aff'd, 31 F.3d 1174 (3d Cir. 1994); see also Database America, Inc. v. Bellsouth Adver. & Publ'g Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993) (citations omitted) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the

court before rendering its original decision fails to carry the moving party's burden.'"), but, to the contrary, reargues matters already argued and disposed of by the Court, challenges factual inaccuracies in his arrest and detention records (Doc. 21, at ¶¶ 2, 4-5), and expresses disgust with the state court judicial system (Id. at ¶ 5), it is hereby ORDERED that petitioner's motion (Doc. 21) is DENIED.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge