# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GEORGE J. TAYLOR, III,** : | **CIVIL ACTION NO. 1:11-CV-0642** |
| Petitioner : | **(Chief Judge Conner)** |
| v. : | |
| **JOSEPH P. NISH,** : | |
| **SUPERINTENDENT,** : | |
| Respondent : | |

## MEMORANDUM

Petitioner George J. Taylor, III ("Taylor"), a state inmate presently incarcerated at the State Correctional Institution at Waymart ("SCI-Waymart"), Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on April 8, 2011, challenging the validity of a detainer lodged against him by the Pennsylvania Board of Probation and Parole ("PBPP"). On January 27, 2012, the petition was dismissed, without prejudice, for failure to exhaust state court remedies. (Doc. 20.) Taylor filed a timely Notice of Appeal. (Doc. 23.) On January 30, 2013, the United States Court of Appeals for the Third Circuit vacated this Court's January 27, 2012, Memorandum and Order and remanded the matter to determine whether Taylor's claim pertaining to the detainer has been mooted by the passage of time, and whether his parole concerns are procedurally defaulted due to the lack of an available state remedy. (Doc. 31-1, at 4.) The case was reopened and the parties filed supplemental briefs as directed.

(Docs. 33, 34, 36). The matter is presently ripe for disposition and, for the reasons set forth below, the petition will be denied.

I.  **Background**

On December 19, 1996, Taylor was sentenced in the Court of Common Pleas of Montgomery County, Pennsylvania, to five to fifteen years of incarceration after being convicted of the crime of Robbery. (Doc. 15-1, at 5.) His minimum was to expire on December 19, 2001, and his maximum date was calculated as December 19, 2011. (Id.)

On October 29, 2002, the Pennsylvania Board of Probation and Parole ("PBPP") granted him conditional parole to a Community Corrections Center. (Doc. 15-1, at 8.) He was ordered released on parole on March 24, 2003. (Id. at 11-13.) On June 11, 2004, he was declared delinquent by the PBPP, effective May 24, 2004, because he was discharged from his employment due to positive testing for Opiates and because he ceased reporting to his parole officer. (Id. at 14-15.)

On March 31, 2005, while on parole, Taylor was arrested by the Federal Bureau of Investigations and charged with Bank Fraud in the United States District Court for the Eastern District of Pennsylvania. (Doc. 15-1, at 15.) For reasons that are unclear from the record, Taylor was initially housed at the Gander Hill Prison in Wilmington, Delaware.[1] (Doc. 34-1, at ¶ 5.) On April 1, 2005, the PBPP issued a warrant based on the above-stated parole violations, which resulted

---

[1]The facility is now known as the Howard R. Young Correctional Institution. http://www.doc.delaware.gov/BOP/PrisonMPCJF.shtml

in Taylor being placed on parole violator pending ("PVP") status.  (Doc. 1-1 at 50; Doc. 15-1, at 5.)  On that same date, the PBPP lodged a detainer against him while he was housed at Gander Hill Prison.  (Doc. 34-1, at 12.)

On May 10, 2006, following pleas of guilty to Bank Fraud and Aggravated Identity Theft, Taylor was sentenced to sixty months of incarceration and was committed to the custody of the Federal Bureau of Prisons ("BOP") and housed at the United States Penitentiary at Canaan, Waymart, Pennsylvania ("USP-Canaan").  (Id. at 16.)  On June 7, 2007, a parole technician requested that the inmate records department at USP-Canaan lodge the PBPP warrant as a detainer against Taylor.  (Doc. 1-1, at 53.)  Said detainer was lodged on June 18, 2007, and the PBPP was notified.  (Id. at 54.)  On August 31, 2009, Taylor was released from BOP custody to the custody of the PBPP and was immediately taken to SCI-Waymart where he was held with a status of "Parole Violator Pending."  (Doc. 15-1, at 7.)

On February 22, 2010, a revocation hearing was held for Taylor at SCI-Waymart, at which time he was represented by counsel.  (Doc. 15-1, at ¶ 15; Doc. 15-1, at 24-60.)  During the hearing, Taylor sought clarification as to the date the detainer was lodged.  The parole agent present indicated that the board filed the warrant to commit and detain on April 1, 2005; the warrant was made part of the record.  (Doc. 15-1, at 46, 58.)

Taylor was notified *via* a decision mailed on March 23, 2010, that he was recommitted as a convicted parole violator to serve six months backtime as a result of the federal convictions and that his parole maximum was recalculated from

3

December 19, 2011, to May 28, 2018. (Doc. 15-1, at ¶ 16; Doc. 15-1, at 61-62.) There is no record of Taylor filing either an administrative appeal or a petition for administrative review of the PBPP's March 23, 2010 decision. (Doc. 15-1, ¶ 19.)

However, prior to the issuance of the PBPP's decision, he challenged the existence of the detainer in state and federal forums. On or about October 9, 2009, he forwarded a petition for writ of mandamus to the Court of Common Pleas of Wayne County. On December 15, 2009, he inquired about the status of the petition and was advised by an unidentified employee of the Clerk of Court of Wayne County that "[i]n checking our records, we cannot find a case for you. Apparently we must of [sic] never received the paperwork that you are talking about." (Doc. 1-1, ¶ 16.) He also indicates that he sent the petition to the Wayne County Public Defender's Office and received no response. (Id.)

On January 26, 2010, he filed a petition for writ of habeas corpus in this court which was summarily dismissed without prejudice for failure to exhaust state court remedies. (Taylor v. Nish, M.D.Pa., Civil Action No. 1:10-CV-206, Doc. 4.)

In February 2010, Taylor filed a petition for writ of habeas corpus in the Court of Common Pleas of Wayne County. (Doc. 1, at 2.) The petition was dismissed for lack of jurisdiction or, alternatively, for failure to exhaust administrative remedies available under 37 Pa. Code 73.1, on May 13, 2010. (Doc. 1-1, at 63.)

On February 16, 2010, Taylor filed a petition for writ of mandamus in the Commonwealth Court of Pennsylvania. (See electronic docket for Commonwealth Court of Pennsylvania matter of Taylor v. Pennsylvania Board of Probation and Parole, 94 MD 2010 found at http://ujsportal.pacourts.us.) On July 29, 2011, a Rule to Show Cause why the action should not be dismissed for want of prosecution was issued by the court. Taylor responded to the Rule to Show Cause on August 18, 2011. On August 23, 2011, the rule was discharged and Taylor was ordered to serve his petition on the respondents and the Attorney General as required by Pa. R. A. P. 1514(c) within fourteen days of the entry of the order and file with the court or suffer dismissal of the petition. On September 14, 2011, the petition was dismissed for failing to comply with the Court's Order of August 23, 2011. Taylor has taken no further action in the Commonwealth Court.

The instant petition was filed on April 8, 2011. (Doc. 1.)

## II. Discussion

Taylor reiterates the following in his supplemental brief:

> As I, the petitioner, have repeatedly expressed throughout, that with the Pennsylvania Board of Probation and Parole never lodging a detainer against me, in order to bring me into custody in order to hold a revocation hearing to revoke parole, did not, cannot, and will not ever give the PBPP jurisdiction to hold a revocation hearing, to revoke parole, and/or to render any decisions regarding any parole matter, without first lodging a detainer, and/or a "Warrant to Commit and Retain" (PBPP-141); based on the fact(s) that, pursuant to Title 37 § 71.1 of the Pennsylvania Administrative Code, Chapter 71, that outlines and clearly states:

5

> > (a) If an agent has reason to believe that a parolee has violated the condition of his parole, that action of the Board is necessary, <u>and that an arrest or the lodging of a detainer is appropriate</u>, the agent may apply to his district supervisor for permission to arrest and for the issuance of a "Warrant to Commit and Retain" (PBPP-141), (Emphasis added); and
>
> > (e) In those instances where the parolee is already in custody on another charge (as is the situation in this instant case), the "Warrant to Commit and Retain" (PBPP 141) <u>shall be lodged as a detainer at the institution where the parolee is held</u>. (Emphasis added).
>
> will support my claim concerning the issue of the PBPP never lodging a detainer against me <u>not moot</u>; respectfully reinstating my request to the Court to grant my petition for writ of habeas corpus, and be released from custody as soon as administratively possible.

(Doc. 34, at 1-2.) (Emphasis in original.) He further states that "the PBPP and DOC have continually been misleading the Court's [sic] by submitting both <u>fabricated</u> and <u>forged</u> documents, in order for the PBPP to use its 'sovereignty' to influence the Court's [sic], and to shift focus away from the 'state' agencies and federal 'employees' who have violated my <u>Constitutional Due Process Rights</u>, by, again, having me transferred from federal custody over to state custody, on August 31, 2009, with no <u>records and/or essential information</u>." (<u>Id.</u> at 3) (Emphasis in Original).

Respondents take the position that "the filing of a detainer is an intermediary, non-appealable step in the parole revocation process, authorized by 37 Pa. Code § 71.3, to ensure Petitioner's return to state custody and allow the

6

Board to make a final determination on whether to revoke parole. Kester v. Pennsylvania Board of Probation and Parole, 609 A.2d 622, 624 (Pa. Cmwlth. 1992)." (Id. at 4-5.) And, that any challenge to the detainer has been rendered moot by the Board providing Taylor with a parole revocation hearing on February 22, 2010, because the parole revocation hearing is the final appealable order. Kester, 609 A.2d at 624. The Court agrees that the detainer is moot because the detainer is not a final order; "the parole revocation order is the final agency act which is subject to appellate review." Id. at 624, n. 1, citing Bronson v. Bd. of Prob. and Parole, 491 Pa. 549, 421 A.2d 1021 (1980).

However, even if the challenge to the detainer were not rendered moot, Taylor's petition would still be subject to dismissal as he has procedurally defaulted any claims. A federal court, absent unusual circumstances, should not entertain a petition for writ of habeas corpus unless the petitioner has first satisfied the exhaustion requirements of 28 U.S.C. § 2254(b) and (c). A petitioner shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). This requirement is applicable to alleged unconstitutional acts of the parole board. See DeFoy v. McCullough, 393 F.3d 439 (3d Cir. 2005).

In order to exhaust claims regarding determinations relating to parole revocation decisions in Pennsylvania, a prisoner must seek administrative review of claims by filing a petition for administrative review with the PBPP within thirty

7

days of the mailing date of the PBPP's determination. 37 Pa.Code § 73.1; 42 Pa.C.S. § 7639a. After an administrative appeal to the PBPP, a petitioner must present his claims to the Pennsylvania Commonwealth Court. See 42 Pa.C.S.A. § 763(a); Bronson v. Pennsylvania Board of Probabtion and Parole, 491 Pa. 549,491 Pa. 549, 421 A.2d 1021 (1980). If dissatisfied with the result, petitioner must then file a Petition for Allowance of Appeal with the Pennsylvania Supreme Court. See 42 Pa.C.S.A. § 724; McMahon v. Pennsylvania Board of Probation and Parole, 504 Pa. 240, 470 A.2d 1337 (1983).

There is no question that Taylor raised the detainer argument during his parole revocation hearing, and that the argument was rejected. (Doc. 15-1, at 58.) However, as stated *supra*, "I. Background," there is no record of Taylor filing either an administrative appeal or a petition for administrative review of the PBPP's March 23, 2010 decision. (Doc. 15-1, ¶ 19.) As such, he has not exhausted his state court remedies and the time to do so has expired. His failure to timely present his claims at the state level constitutes an independent and adequate state ground sufficient to support a procedural default of his claims. Barnhart v. Kyler, 318 F. Supp.2d 250 (M.D.Pa. 2004). The merits of his procedurally defaulted claims cannot be reviewed unless he demonstrates either cause for the procedural default and actual prejudice, or that a fundamental miscarriage of justice will result if the court does not review the claims. See McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999); Caswell v. Ryan, 953 F.2d 853, 861–62 (3d Cir. 1992). To demonstrate "cause" for a procedural default, he must point to some objective external factor which

8

impeded his efforts to comply with the state's procedural rule.  See Murray v. Carrier, 477 U.S. 478, 488 (1986).  "Prejudice" will be satisfied only if he can demonstrate that the outcome of the state proceeding was "unreliable or fundamentally unfair" as a result of a violation of federal law.  See Lockhart v. Fretwell, 506 U.S. 364, 366 (1993).  Taylor has not established sufficient cause for his default or demonstrated actual prejudice that would justify overlooking the default in this case.  Cristin v. Brennan, 281 F.3d 404, 412 (3d Cir. 2002).  Nor is there any indication that a failure to review his claim will result in a fundamental miscarriage of justice.[2]

### III. **Certificate of Appealability**

Pursuant to 28 U.S.C. § 2253(c)(1)(A), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322 (2003).

---

[2] It is clear from the record that the PBPP did, in fact, lodge a detainer against Taylor on April 1, 2005, while he was incarcerated at the Gander Hill Prison in Wilmington, Delaware.  (Doc. 15-1, at 46, 58; Doc. 34-1, at 12.)  The detainer was lodged a second time on June 18, 2007, while Taylor was in federal custody, when a parole technician requested that the inmate records department at USP-Canaan lodge the PBPP warrant as a detainer against Taylor.  (Doc. 1-1, at 53-54.)

9

Because reasonable jurists could not disagree with the resolution of this petition, there is no basis for the issuance of a COA.

## VI. **Conclusion**

In accordance with the foregoing, the petition for writ of habeas corpus will be denied.

An appropriate order will issue.

    /S/ CHRISTOPHER C. CONNER
    CHRISTOPHER C. CONNER
    Chief Judge, Middle District of Pennsylvania

Dated:     September 5, 2013

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GEORGE J. TAYLOR, III,** | : | CIVIL ACTION NO. 1:11-CV-0642 |
| Petitioner | : | (Chief Judge Conner) |
| v. | : | |
| **JOSEPH P. NISH, SUPERINTENDENT,** | : | |
| Respondent | : | |

## **ORDER**

AND NOW, this 5th day of September, 2013, upon consideration of the petition for writ of habeas corpus (Doc. 1), it is hereby ORDERED that:

1. The petition for writ of habeas corpus (Doc. 1) is DENIED.

2. The Clerk of Court is directed to CLOSE this case.

3. There is no basis for the issuance of a certificate of appealabilty. See 28 U.S.C. § 2253(c)(1)(A).

        /S/ CHRISTOPHER C. CONNER
        CHRISTOPHER C. CONNER
        Chief Judge, Middle District of Pennsylvania